WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2  
U.S. Department of Justice  
Office of the United States Trustee  
Alexander Hamilton Custom House  
One Bowling Green, Room 534  
New York, New York 10004  
(212) 510-0500  
By:    Mark Bruh  
        Trial Attorney

Hearing Date: November 21, 2024  
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------X  
                                                :  
In re                             :        Chapter 11  
                                                :  
94 HUDSON PARK RD LLC,       :  
                                                :        Case No. 24-22851 (SHL)  
                                                :  
                    Debtor.         :  
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO DISMISS THIS CHAPTER 11 CASE, OR IN THE ALTERNATIVE, <u>TO CONVERT THIS CASE TO A CASE UNDER CHAPTER 7</u>**

**TO THE HONORABLE SEAN H. LANE,**  
**UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "<u>United States Trustee</u>") files this motion (the "<u>Motion</u>") pursuant to 11 U.S.C. § 1112(b) for an order dismissing the chapter 11 case of 94 Hudson Park Rd LLC (the "<u>Debtor</u>"), or in the alternative, converting this chapter 11 case to a case under chapter 7. In support thereof, the United States Trustee represents and alleges as follows:

- 1 -

# INTRODUCTION

Cause exists to convert or dismiss this case. The Debtor has not abided by its fiduciary duties as a debtor-in-possession by failing to provide: (i) proof that its prepetition bank account has been closed; (ii) proof that it opened its debtor-in-possession bank account; (iii) tax returns for the two (2) years prior to the Petition Date; (iv) copies of bank statements for all accounts for the 90-days prior to the Petition Date; (v) copies of the latest mortgage statement(s), deed, leases, and rent roll for all tenants with respect to the Property; (vi) proof of insurance regarding the Property; and (vii) proof of licenses required by federal, state and local law to operate the Debtor's business. Additionally, the Debtor failed to appear at the initial debtor interview. Accordingly, cause exists to convert or dismiss this case pursuant to 11 U.S.C. § 1112(b)(4)(C) and (H). The United States Trustee recommends dismissal for the reasons set forth below.

# BACKGROUND

1. On October 3, 2024 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition (the "Petition") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). *See* ECF No. 1. No trustee, examiner, or official committee of unsecured creditors has been appointed in this case.

2. The Debtor's asset is certain real property located at 94 Hudson Park Road, New Rochelle, New York (the "Property"). *See* ECF No. 11, Debtor's Declaration Pursuant to Local Bankruptcy Rule 1007-2 (the "1007 Decl.") at ¶ 1.[1]

3. According to the Debtor's schedules, the Property has a value of $3,000,000. *See*

---

[1] The Debtor did not file the 1007 Decl. until October 28, 2024 – twenty-five (25) days after the Petition Date.

ECF No. 1, Schedule A. The Property is secured by two (2) mortgages totaling $6,000,000. *Id.*, Schedule A/B. Additionally, there are certain other secured claims with respect to the Property totaling $1,050,000. *Id.*

4. The Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees (the "Operating Guidelines") require that, among other things, all debtors must provide to the United States Trustee (a) proof that its prepetition bank account has been closed; (b) proof that it opened its debtor-in-possession bank account; (c) tax returns for the two (2) years prior to the Petition Date; and (d) proof of insurance regarding the Property. To date, the Debtor has failed to comply with the Operating Guidelines. *See* Exhibit "A," Declaration of Mark Bruh in Support of the Motion ("Bruh Decl.") at ¶ 6.

5. On October 4, 2024, the United States Trustee emailed Debtor's counsel requesting the above information as required by the Operating Guidelines. *See* Bruh Decl. at ¶ 7. Additionally, the United States Trustee requested the following documents (the "UST Document Request"): (i) copies of bank statements for all accounts for the 90-days prior to the Petition Date; (ii) copies of the latest mortgage statement(s), deed, leases, and rent roll for all tenants with respect to the Property; and (iii) proof of licenses required by federal, state and local law to operate the Debtor's business. *Id.*

6. Also, by email dated October 4, 2024, the United States Trustee scheduled the initial debtor interview (the "IDI") for October 23, 2024. *Id.* at ¶ 8.

7. As of the date hereof, not only has the Debtor failed to comply with the Operating Guidelines, but it also has neither responded to the UST Document Request nor appeared at the IDI. *Id.* at ¶¶ 9 and 10.

# ARGUMENT

A. **Dismissal or Conversion is Appropriate Under 11 U.S.C. § 1112(b)**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court *shall* convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added). Under this provision, the court may find cause in the following circumstance, among others:

> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> . . . .
>
> (H) failure to provide information. . . reasonably requested by the United States trustee.

11 U.S.C. § 1112(b)(4)(C) and (H).

"Cause" to convert or dismiss, however, is not limited to the expressly enumerated provisions of the statute. *See In re BH S&B Holdings*, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (stating that the sixteen examples of events that may constitute cause in §1112(b)(4) are "'not exhaustive' and courts are free to consider other factors"); *In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause'"). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. *In re The 1031 Tax Group, LLC*, 347 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).

The burden of showing whether cause exists to convert or dismiss a case rests with the moving party. *In re Lizeric Realty Corp.*, 188 B.R. 503 (S.D.N.Y. 1995). Once "cause for relief

is shown, the Court has broad discretion to either convert or dismiss the Chapter 11 case" whichever is in the best interest of the creditors and the estate. *In re AdBrite Corp.*, 290 B.R. 209, 215 (S.D.N.Y. 2003) (citing *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986)).

**B.** **Cause Exists to Convert or Dismiss This Case**

Cause exists to convert or dismiss this case due to the Debtor's failure to provide: (i) proof that its prepetition bank account has been closed; (ii) proof that it opened its debtor-in-possession bank account; (iii) tax returns for the two (2) years prior to the Petition Date; (iv) copies of bank statements for all accounts for the 90-days prior to the Petition Date; (v) copies of the latest mortgage statement(s), deed, leases, and rent roll for all tenants with respect to the Property; (vi) proof of insurance regarding the Property; and (vii) proof of licenses required by federal, state and local law to operate the Debtor's business. Additionally, the Debtor has failed to appear at the IDI.

*1. The Debtor Has Not Provided Proof of Insurance*

The failure to maintain appropriate insurance is cause for the conversion or dismissal of the Debtor's case. 11 U.S.C. §1112(b)(4)(C); *Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC)*, No. 5 Civ. 10845 (CLB), 2006 WL 1317021, *11 (S.D.N.Y. May 12, 2006) (affirming the bankruptcy court's decision to convert a chapter 11 case partially because the debtor lacked proper insurance coverage); *In re Van Eck*, 426 B.R. 54, 60-61 (Bankr. D. Conn. 2010) (finding that cause existed in part, because the debtor failed to show that there was insurance on residential property he owed). Here, the Debtor has failed to provide the United States Trustee with proof of insurance regarding the Property. *See* Bruh Decl. at ¶ 6. Therefore, cause exists to convert or dismiss the Debtor's case under 11 U.S.C. §1112(b)(4)(C).

### 2. The Debtor has Failed to Provide Information Reasonably Requested by the United States Trustee

The United States Trustee's Operating Guidelines require the submission of certain documents by a chapter 11 debtor. Here, the Debtor has failed to comply with the Operating Guidelines and the UST Document Request. *See* Bruh Decl. at ¶¶ 6 and 7. Additionally, the Debtor has failed to appear at the IDI. *Id.* at ¶ 10.

The Debtor's failure to provide the aforementioned documents is cause under section 1112(b)(4)(H). *In re Spencerport Dev., LLC*, Case No. 14-21154 (PRW), 2014 WL 6886637 at *3 (Bankr. W.D.N.Y. Dec. 4, 2014) ("Debtor's failure to comply with reasonable demands from the UST for information constitutes further 'cause' to convert or dismiss this case pursuant to 11 U.S.C. § 1112(b)(4)(H)").

### B. There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate

Under section 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2).

Section 1112(b)(2) provides that:

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --

>(A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable

> period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>> (i) for which there exists a reasonable justification for the act or omission; and
>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that conversion or dismissal is not in the best interests of creditors and the estate. The Debtor has done very little in its case and instead seems to have disregarded its duties as a chapter 11 debtor. Based on these facts, it is unlikely that the Debtor will be able to confirm a plan.

**C.** **The United States Trustee Recommends Conversion**

As set forth above, cause exists to convert or dismiss this case. Given that secured claims exceed the value of the Property by approximately $4,000,000, the United States Trustee recommends that the Court dismiss this case.

*[Left Blank Intentionally]*

**CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 11 case, or in the alternative, converting this chapter 11 case to a case under chapter 7, and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
October 29, 2024

    Respectfully submitted,

    WILLIAM K. HARRINGTON
    UNITED STATES TRUSTEE

By:   /s/ *Mark Bruh*
    Mark Bruh
    Trial Attorney
    One Bowling Green, Room 534
    New York, New York 10004-1408
    212-510-0500
    mark.bruh@usdoj.gov