BRONSON LAW OFFICES, P.C.
*Counsel to 94 Hudson Park Rd, LLC*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

In re:                                                  Chapter 11

    94 HUDSON PARK RD LLC,               Case No. 24-22851 (SHL)

                          Debtor.

------------------------------------x

## **DEBTOR'S OBJECTION TO MOTION TO DISMISS**

The above-captioned debtor and debtor-in-possession 94 Hudson Park, LLC (the "**Debtor**") in response to the motion of the United States Trustee (the "**Movant**") pursuant to 11 U.SC. §1112(b) seeking to dismiss the Debtor's case or in the alternative convert this chapter 11 case to a case under chapter 7 (the "**Motion**") files this objection. The Debtor objects to the relief sought and respectfully states as follows:

1. On October 3, 2024, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2. The Debtor's only substantial asset is the Property, which is located at 94 Hudson Park Road, New Rochelle, New York.

3. The Motion notes that the Debtor owed many documents with respect to its finances to the Movant at the time the Motion was filed.

4. The Debtor believes that it has now cured all of these requests with the

exception of leases which will be provided by the end of this business week. The Debtor has filed the monthly operating report that was due for October.

5. Additionally, the Debtor is making progress in its efforts to secure financing to pay its creditors from a private investor.

6. While the Motion notes that the value of the property on the Debtor's petition is stated as four million dollars less than the secured debt, with the debtor in possession financing, the Debtor will be able to reopen quickly and without the need for giving the lender a priming lien.

7. When open the Debtor's property operates as a popular waterfront restaurant in New Rochelle, New York. Accordingly, the Debtor's value as a going concern is exponentially more than it was at the time of filing and the Debtor anticipates it will have sufficient income to propose a feasible plan of reorganization.

## **LEGAL ARGUMENT**

The Motion argues that cause exists to dismiss or convert the Debtor's case under 11 U.S.C. §1112(b)(4)(C) and (H) because of the Debtor's initial failure to provide information with respect to insurance and other information. However,. 11 U.S.C. § 1112 (b)(2) states that the court need not convert for cause if dismissing the case is not in the best interest of creditors and the estate, the debtor establishes there is a reasonable likelihood a plan will be confirmed and the grounds for cause are justified and can be cured within a reasonable time. *In re BH S&B Holdings, LLC*, 439 B.R. 342, 347 (Bankr. S.D.N.Y. 2010).

As stated the Debtor will be able to confirm a plan with the proposed Debtor in possession financing that it is in the process of securing. When the Debtor is able to reopen

the restaurant with the investments it is securing its income will enable it to pay the secured creditors more than they would get in a sale. Additionally, the Debtor has now provided proof of insurance as well as other requested financial information. The reason the Debtor did not provide this and appear at the Initial Debtor Interview was due to a calendaring error by Debtor's counsel. Accordingly, there is both a reasonable likelihood that a plan will be confirmed, the grounds for cause were justified and have been cured or will be cured within a reasonable time. As such, the court should not convert the case because the requirements of 11 U.S.C. §1112(b)(2) have been satisfied.

WHEREFORE, for all of the foregoing reasons, the Movant has not established cause to dismiss or convert the case pursuant to 1112(b). The Debtor respectfully requests that the Court deny the relief sought in the Motion; and for such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
December 12, 2024

BRONSON LAW OFFICES P.C.

By: /s/ *H. Bruce Bronson*
H. Bruce Bronson